J. S83005/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :    IN THE SUPERIOR COURT OF
                                   :          PENNSYLVANIA
                v.              :
                                     :
ROBERT VASILINDA,            :         No. 1746 WDA 2015
                                     :
            Appellant    :

Appeal from the Judgment of Sentence, July 28, 2015,
in the Court of Common Pleas of Cambria County
Criminal Division at Nos. CP-11-CR-0001957-2008,
CP-11-CR-0002402-2008, CP-11-CR-0002408-2008

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN AND STRASSBURGER,* JJ.

JUDGMENT ORDER BY FORD ELLIOTT, P.J.E.:   **FILED DECEMBER 21, 2016**

Robert Vasilinda appeals[1] from the July 28, 2015 aggregate judgment of sentence of 8½ to 18 years' imprisonment imposed following the revocation of his probation.  For the reasons that follow, we are constrained to quash this appeal as untimely.

An appeal from a sentence imposed following a revocation of probation must be filed within 30 days after imposition of the new sentence.  ***See***

---

* Retired Senior Judge assigned to the Superior Court.

[1] We note that although appellant purports to appeal from the October 2, 2015 order denying his post-sentence motion, a direct appeal in a criminal case is properly taken from a judgment of sentence.  ***Commonwealth v. Yancoskie***, 915 A.2d 111, 112 n.1 (Pa.Super. 2006), ***appeal denied***, 927 A.2d 625 (Pa. 2007), ***cert. denied***, 552 U.S. 1111 (2008).  We have corrected the caption accordingly.

Pa.R.App.P. 903(a). In contrast to other sentencing situations in which the filing of a timely post-sentence motion extends the appeal period until after the motion has been decided, *see* Pa.R.Crim.P. 720(a)(2), the filing of a motion to modify a sentence imposed after revocation of probation does not toll the 30-day appeal period. *See* Pa.R.Crim.P. 708(E) (stating, "[a] motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition. The filing of a motion to modify sentence will not toll the 30-day appeal period.").

> Under this rule, the mere filing of a motion to modify sentence does not affect the running of the 30-day period for filing a timely notice of appeal. **Any appeal must be filed within the 30-day appeal period unless the sentencing judge within 30 days of the imposition of sentence expressly grants reconsideration or vacates the sentence.**

*Id.* at note (citations omitted; emphasis added).

Here, appellant was resentenced on July 28, 2015, after the trial court determined that he had violated the terms of his probation and vacated his original March 19, 2010 judgment of sentence. On July 31, 2015, appellant filed a timely post-sentence motion to modify his sentence, which was denied by the trial court on October 2, 2015. Appellant filed a notice of appeal on October 28, 2015, which was within 30 days of the order denying his post-sentence motion to modify, but more than 30 days from the July 28, 2015 order imposing sentence. We found no place in the certified record where the trial court had granted reconsideration of or vacated the

July 28, 2015 sentence. Moreover, the transcript of the July 28, 2015 sentencing hearing reveals that the trial court properly advised appellant and his counsel "of the right to file a post-sentence motion and to appeal, [and] of the time within which [appellant] must exercise those rights," in accordance with Pa.R.Crim.P. 704(C)(3). (**See** notes of testimony, 7/28/15 at 12.) Accordingly, appellant's appeal must be quashed as untimely.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2016